All right, we are prepared to begin argument in our first case, United States v. Williamson. And Mr. Weston, when you're ready, we'd be glad to hear from you. May it please the court. This case concerns not whether the district court analyzed juror bias, it did, but whether it applied the correct legal standard and analysis after finding deliberate concealment of material information during voir dire. The court found the juror's answers were untrue and designed to avoid disclosure of a material issue. Yet it treated that concealment as constitutionally harmless by focusing on the juror's stated motive and the strength of the evidence instead of the issues he was untruthful about. The court, one, failed to apply the intrinsic bias analysis, and two, the court misapplied the McDonough analysis in this case. And the case turns on whether deliberate concealment of material facts deprived the defendant of a fair opportunity to seat an impartial jury under the Sixth Amendment. Three of the district court's findings that were really important were, one, that he gave untruthful and misleading answers during voir dire, two, that the concealment involved material facts, and more importantly, those concealed facts concerned the juror's own misconduct in law enforcement and drug investigations in a case where the defense challenged police credibility as the defense. Isn't the question before us simply whether the district court abused its discretion in denying the defendant a new trial? I certainly agree that abuse of discretion is the analysis that this court has to go through. But I think the abuse of discretion with respect to the ultimate question of whether the district court abused its discretion in denying Mr. Williamson a new trial. I do, Your Honor. And I think the court clearly abused its discretion when it did not conduct an intrinsic bias analysis in this case. You know, the court made the factual findings that the juror did all the things I've already talked about, that he concealed information, that it was deliberate, and that it concerned a material issue in this case. He made those factual findings. You know, in terms of the abuse of discretion standard, we normally think of juror management as something that is preeminently within the province of the trial court, and the trial level. And at the heart of this would seem to be a credibility finding. And the district court here credited the juror's repeated assurances that he could remain impartial. And given the role that district courts play in jury selection, and given the abuse of discretion standard, and given the fact that a credibility assessment, which the district court was in the best position to make, why would we grant a new trial, and given the standard of review, and given the credibility finding that was made? Well, I think, Your Honor, and I think Porter v. White touches on it, but in a case where the person has already deliberately concealed information, and that information goes directly to a material issue, that can't be cured by a later, well, I can be fair. Well, but this was, in your view, wasn't this case remanded to the district judge? The posture was, Your Honor, I was appointed, I didn't handle the trial counsel, I was appointed as appellate counsel. I noticed the juror issue, and it was sent back based on an indicative ruling motion. Okay, well, it was, the case was sent back, if it was as cut and dried matter, cut and dried of matter, as you suggest, it would not have been sent back to the district court for further proceedings, you would have granted a new trial outright. But apparently by remanding, there was a judgment on the part of the panel that the district court's superior perspective was something that should be found out and added to the equation, and after the remand, the district court seemed to me was very, very conscientious about what this court had asked it to do. It didn't just snap off a finding, it, as I understand it, had an evidentiary hearing. Yes, Your Honor, I certainly cannot disagree with the principle that this court gives large deference to trial court's findings and jury matters. The reason it was sent back in this case, though, was because it was never litigated at the trial level whatsoever. There was nothing even known about the juror. The only reason this actually, this issue came up is when I got the case on appeal, I recognized the juror's name from, I represented somebody else in this case a long ago in the corruption that the juror was involved in. So the case was sent back. I don't think there's any indication that that, you know, of what this court should do because it was sent back, and I don't dispute that the court held an evidentiary hearing, we actually had a two-day evidentiary hearing, and I don't dispute the court did a very good job with its factual findings and, you know, really analyzed the case well, but what I really dispute is that the court's finding that the court never analyzed actual intrinsic bias, and it made all the factual findings that triggered that. We asked the court to make the ruling, and instead it made the ruling based on, well, we think it was fair, or he did make this comment that he could be fair, but, you know, I think that... I think that sells the district court short, the district court honed right into the question of bias, and you can't, by saying, well, there's intrinsic bias, or whatever, the question was bias, and the district court says, I credit the assurances that the fellow could remain impartial. He said he was very indifferent to remaining on the jury, and that indifference was the very opposite of partiality. He said further that the juror's previous brushes with law enforcement may well have created an aversion that could go one way or the other, but he honed right in on the finding of bias, which was what I thought a remand was all about, and he made a judgment call in an area that is preeminently one for trial court management. And he's certainly allowed to make a judgment call, but I don't believe he analyzed the case under the right lens. You know, if we look at, I believe it's the Conway case, and it talks about dishonesty is evidence of bias, and it cites the Burton case from the Tenth Circuit for that. And so he was dishonest not only during the voir dire, the court found that he was dishonest at the evidentiary hearing about numerous material matters, about, you know, whether he was a corrupt police officer, about whether he was involved in all of this T-Mingo stuff. So the court, you know, found that he was dishonest, and once the court under intrinsic bias, but it never did the intrinsic bias analysis, but once you find that a juror lied about material matters, then that cannot be cured by a simple assurance of I'll be fair. It's already happened, and when the juror was seated is what we need to focus on. At the time he was seated, he brought these prior, you know, all this going on with him before he'd been accused of so many improprieties to a case where that was the defense of improprieties of law enforcement. So, you know, just him saying, I will be fair. If there's a per se rule to the effect that you're arguing, why didn't the Court of Appeals in the earlier appeal just say what you just said, but, you know, that there was a per se rule, that there was no need for further proceedings. But the Court of Appeals had the chance to just announce that flat rule, but it did not. It sent it back for further proceedings. And in addition, if the question is ultimately one of abuse of discretion in denying a fair trial, what is a fair trial going to do? What is a retrial going to do? I mean, the evidence of guilt is overwhelming. The jury heard eyewitness testimony of five different drugs transactions. There were physical evidence of drugs and firearms and ammunition. There was an admission of guilt in a jail cell call. What is that's got to factor into whether there was an abuse of discretion in denying the retrial? And in any case where a retrial is asked for, one of the practical questions you have to ask is, what good would it do? So I'll answer your first question about the remand, Your Honor. You know, there's a lot of the cases we see in the Fourth Circuit. They come and the court analyzes some of the facts and then sends it back because an evidentiary hearing does not conduct it. That is not the posture of this case. This case was on appeal on other issues. I, as appellate counsel, noticed the issues that were never litigated in the lower court. So there was no record whatsoever to appeal to this court on this issue. So the remand was issued by this court before any rulings were ever made by this court. This court said, oh, you know, I sent it back for an indicative ruling. And I'd never even heard of that before this case. But there were no findings whatsoever by this court. Well, now we have the findings and the findings go to the question of bias. I mean, you say, well, there were no findings. We sent it back, make some findings. District Judge holds an evidentiary hearing. Now we have the findings. And in light of those findings, we have to ask whether there was an abuse of discretion. We do, Your Honor. And I'll go back to your last question, which essentially was harmless error. This court has never decided a Madonna or actual bias case on harmless error. This is a structural error. When you see the juror who has these biases, this intrinsic bias, which the court made the factual findings, then that you cannot do harmless error. If you look at, I believe it is the Conaway case, and we look at the fairness prong of Madonna, Madonna case. You know, it talks about dishonesty itself is evidence of bias. And that's the very counsel. Can I kind of up there? I mean, I think that's right, that dishonesty can be evidence of bias, but it's not, you know, it doesn't necessarily mean that the jurors biased, I think. And the district court could take that into account, as I understand it. But isn't required because it's dishonesty to strike the juror unless it finds actual bias, which the district court said it didn't. Or unless it finds implied bias, which seems to be talking about relationships to the parties or to the litigation that would make it impossible for the juror not to be biased. And so I hear you. I mean, I mean, you know, the juror was involved in some troubling stuff, to say the least. That's an understatement. But but but I'm not getting the per se rule that you're articulating, you know, from unless you're saying it's that implied bias from a relationship. I'm not I'm not seeing that in the case law. It seems like this is something the judge had the right to consider all the facts and make a call on. And you seem to think he couldn't have made the call he did as a matter of law. Yes, your honor. I think that the issue really goes to is, you know, the court can make these findings, it can do it. But what we need to look at is that in this case is different than the other cases where the court gets to make a determination because where they where that comes from is is these cases are where the person. Well, maybe they made a misstatement at the void. Maybe they said something they weren't so sure about. But this case is different because this case is deliberate concealment and the court found deliberate concealment. And this case is different also because it is about a material issue. You know, somebody at Vordaer lies about cheating on their wife. That has nothing to do with the case. In this case that we have, this juror lied about whether he was involved in this political corruption scandal, whether he was involved in drug buys that were illegal. Well, I know all of that. But to follow up the question is, if he was dishonest, does that indicate a automatically for purposes of we're going to construct some per se rule that says dishonesty is automatically per se evidence of bias. And one of the points that the district court made is, no, it's not evidence of bias because the juror, in fact, was indifferent about remaining on the jury. He wasn't anxious to remain on the jury. And that indifference about whether or not to remain on the jury would seem to me to be the opposite of partiality and bias. If a district judge had found, well, that dishonesty is related to his desire to remain on the jury and his desire to remain on the jury is because he has a definite slant on this case or some kind of deep seated prejudice. Then that's one thing. But, you know, here, the district judge took that into account and saying, yes, I think he can remain on the case. He's, I credit his assurances that he can remain impartial. He was indifferent about whether he could sit. And in the final analysis, I don't think that the dishonesty created the kind of kind of bias that would render it would be a disqualifying factor. Can I answer your honor? My time is up. Yeah, you can answer. Do you want to answer in terms of rebuttal? Just real quick. I'm asking the court to make a very narrow ruling. Certainly not a per se rule that if you lie, bearing for a dire, you can't be on the jury. A very narrow ruling that if you lie and if you lie about a material issue and also if that issue is related to an issue that comes up in the trial, then that is intrinsic bias. All right. Any further questions here of Mr. Westland, Judge Gregory? Do you get any further questions? I don't have any questions. Judge Quattlebaugh? No, I'm fine. Thank you. Okay. All right. Um, Mr.  Good morning, your honors. May it please the court. Uh, my name is Josh Hanks. I work in the U.S. Attorney's office in Charleston, West Virginia. Uh, the court is, is correct. And the discussion so far has been correct that this all comes down to the trial court's discretion and its credibility findings as to the witnesses and the evidence that were put before it. Um, it sounds to me like what the appellant is actually arguing for is a new kind of bias. Uh, actual bias is defined in case law. Implied bias is defined in case law. There are references to inferred bias, which is discretionary. And now he's asking for this intrinsic bias, uh, which would be a completely new animal. Um, and, and, you know, it's hard to even respond to that. Um, what we have here is a juror who admittedly lied or, or failed to reveal matters that happened 10 years before. And we'll concede it was material in the sense that it warranted under McDonough, a, uh, an evidentiary hearing. Judge Kochmaver conducted that evidentiary hearing. He examined, uh, the juror. He heard testimony from other witnesses. He reviewed all the documents. And, uh, and quite frankly, came to the conclusion that under McDonough, which also says, hey, the lie, the motive of the lie has to go towards some aspect of, of partiality or impartiality. And, and judge Kochmaver, quite frankly, reasonably found that it's understandable. Counsel, can I ask you something about that? Um, yeah, just curious. I mean, I, I don't know that this would make it an abuse of discretion, but you know, the language does talk about partiality and bias, which is extent, it seems to be talking about having favoritism for one side over the other. Um, yeah, this juror, you know, you said, yeah, said he didn't have that. And the district court said something that makes sense to me. It could go either way in terms of who it might favor. But can, can you have, um, what if, uh, could, could a court make a conclusion that, you know, that, that, that, that the conduct of what this juror did, you know, back with the team Mingo, you know, combined with his misrepresentations, just makes him so, um, yeah, so adverse to the judicial process that he shouldn't be on the jury? I mean, he's not necessarily favored one way or the other, but, you know, he's just inherently corrupt so that you can't count on him to follow the law and the evidence. Is there anything like that? I mean, it might still be an abuse of discretion, but it's a little bit different than bias, if that makes sense. I think a court, to answer the question quickly, I think the court could make that. It's within the court's discretion. And that's the category of inferred bias, where the appellate courts have said, hey, sometimes the circumstances don't, don't support actual bias. And they don't, they don't have implied bias, which are per se rules. But we're going to affirm a district court exercising its discretion on an inferred bias. So I think if you have a case where the judge is just uncomfortable with whether the juror could be impartial based on some conduct in the past or history and characteristics, I think this court and virtually any appellate court would find that's within the court's discretion. However, in this case, it's quite unclear what exactly this juror was involved in. The facts that are asserted in the appellant's brief are largely from newspaper articles, unchallenged civil complaints, hearsay statements. The fact is he was, in fact, served with a target letter. He was interviewed. As the district court found, he successfully disputed the allegations and he was never charged. So this case doesn't fall into what your honor is talking about as a hypothetical. In fact, the district court really only referenced all of those allegations to make the point that it was unreasonable to think that the juror just didn't recall that this happened. But, you know, you've been served with three civil complaints. You were interviewed by the FBI. Don't try to tell us you don't remember this. But the judge quite reasonably said, well, I understand why you didn't want to bring it up, because this is a horrible, embarrassing situation that you didn't want to relive again in front of this trial. So I think, yes, a court could be affirmed in using that inferred bias analysis. But counsel, counsel, doesn't that conclusion that the court made itself bring up a problem with that is a juror. And that's what a lot of times I've tried a lot of jury trials. You're trying to see whether or not there's something in the case that makes the juror uncomfortable. And the judge basically found an uncomfortable point. As a matter of fact, he made it the motive. I mean, he mentioned the motive, he said, well, I think this is something that he's just aversion, something he didn't want to bring up in his life and things like that. That has an impact in terms of not a bias in a sense of left or right, you know, one or the other, but a bias in a sense that it's something that just brings back an emotional type thing that that has an influence. You don't think that there are situations where someone did not count a counterfactual, didn't mention something because it was traumatic for them. And then you find out later that that traumatic incident has an impact on the evidence that was in this case. That's not necessarily a bias one way or the other, but it is something that impacts the juror being independent or being detached from something that's not going to be on the jury box or before them. And don't you think that that's that the implication in terms of a juror, which you want a juror like that? I mean, I'm assuming it didn't that something of a what the judge found that it was something about that incident that made him not want to tell it. Is that right? It's not right there. Am I correct about that? Yes. It's very clear the district court found he did not want to talk about what happened 10 years earlier. All right. Don't you think that's evidence that that's something that's impactful on their mind in the sense that and then we found this case, this is not a per se case at all. This is one where we're talking about things arose in this case that, as counsel said, Mr. Wesson talked about, that implicates and brings back to memory, if you will, perhaps, or relatedness to that. Was it not? So you can't find these things, then have the discretion just to say, no, that's what the discretion is. I mean, discretion is you consider all those things. You've done that. But if you didn't find things that are related to that and then find the opposite, don't you think that's a problem? Well, again, it's within the court's discretion. I mean, I think that if the court makes findings that the judge believes that the juror is going to be so emotionally attached, but not enough to be an implied bias, the judge could make a call on that. But it's not an abuse of discretion to go the other way. For one thing, this premise that the trial defense theory involved the allegation of corrupt policing is simply not in the record. When you look at the record, when you look at the cross-examination and direct testimony of the case agent, and when you look at the closing argument of counsel, the defense was credibility of the CI and the fact that a federal judge had found that the case agent in an unrelated case had misled a magistrate, state magistrate. There were no allegations of corruption in this case. There were no allegations of manufactured evidence, nothing like that. So it's an overstatement to claim now that the defense theory at trial was corrupt policing. So therefore, if there was corrupt policing 10 years ago, we have this emotional connection that creates a bias that the district court must find or that this court would overrule the court's discretion to find that there was no bias. It's just simply not supported by the record. Counsel, let me ask you this. How do you think that you make the point, and I think quite correctly so, that the evidence of the defendant's guilt here was overwhelming? Because you not only get the eyewitness testimony of these drug transactions and the physical evidence of firearms and drugs and ammo, but you have here an admission of guilt in a jail call, and the admission of guilt goes to the drug transactions. So how does the evidence and the overwhelming nature of it factor in to the abuse of discretion standard? This is a matter that according to the exercise of this discretion can take account of? Is your question, could the trial court take consideration of that? Yeah, absolutely. I mean, there's really no limit on what the trial court can consider. I mean, that's the judge sitting there in the room, watching the witnesses, looking at the evidence, making those calls. So absolutely, that could be. So you're saying that no matter what the bias may or may not be, when you go back and consider it, if it was overwhelming, like, well, you know, no jury would have made any difference. You said that's a factor in determining that that can be the factor? I think that would be a, that's not going to be a factor if you have actual or per se bias. Like, I agree that if there's a clearly biased juror, we got a problem. But when you're talking about the nuances of whether some vague speculative thing is hanging out there that doesn't really clearly affect whether the juror is biased, as you say, left or right. I think the the follow up, the fairness of the trial analysis certainly could include the weight of the evidence. When we have these Rule 33 motions for, I think it's maybe I've got the number wrong, but when we have these Rule 33 motions, there's always one of the factors in whether to grant a new trial or not is the strength of the evidence. And what was the impression of the prior trial? And if the prior trial was one in which the defendant had a chance to put on his case, if there was no curtailment of cross-examination or any of the other panoply of rights that a defendant has, and if the trial was fair and the evidence was overwhelming, isn't that something that could factor in to the judgment of the district court as to whether there was a, in the abuse of discretion standard with respect to the denial of the new trial? I mean, how could that not figure in to, was a new trial, by its very nature, is granted when there is something seriously wrong with the old trial. But if you have a fair trial in terms of the rights the defense counsel was able to exercise, then you have just an overwhelming amount of evidence. That could be one of multiple factors. I agree. And in some cases, the evidence could mean the error could be so serious that you will say, well, given the error, it couldn't possibly be a fair trial. But in most cases, where we're dealing with a Rule 33 or whatever motion for a new trial, they always mention as one of the four or five factors, the strength of the evidence, don't they? That's correct. And I don't think it's impossible to overcome that. I mean, if you had a- I mean, counsel, can you cite a case where we're dealing with a question of bias of a juror, and that was the court rule that way, that it was solely because, not solely because, but a large part of it was that the case was weak before the jury? I don't recall one in my- Yeah, I don't either. Yeah. I don't either. Yeah. Because it's like you're dealing with a Batson question, and the juror was not honest about it or whatever. Again, just hypothetical or counterfactual here. You go back and say, well, yeah, he was, but that's the way he grew up and blah, blah, blah, and all those things. But it doesn't matter because the case was weak anyway, so any juror would have found- you think that would be appropriate? When you say the case was- When you found that there was prejudice, racial prejudice in that sense, and the Batson should have been- the question should have been granted the motion, and then you go back and review it, and you find out, oh, yeah, it was, but my goodness, yeah, he shouldn't have said it. It probably is. But it doesn't make any difference because it was overwhelming evidence. Do you think that would be the law? As I stand here, I don't know. I did not research this under a Batson theory. I did find a number of- My question to you was any of it. This is just my counter. Don't try to limit it to that. I mean, you didn't find any case on any ground for questioning the challenge of the juror. I'm just talking about now this one. Do you think that would be appropriate? I'm just trying to see how important a jury trial is. I mean, our founders thought it was important to put it in the Constitution. It didn't talk about how strong or weak your case is. It says that you have a right to that, but go ahead. Yes, I think, obviously, the jury trial is the end-all, be-all for our criminal justice system, but also the finality is an important thing that the Supreme Court has recognized, and that's why so much discretion and so much weight of the evidence type analysis- Well, one of the things is, first of all, this is not a Batson case. There's not a question of racial prejudice that I know that has been brought up in this situation, and the Batson analogy, which my friend puts forward, actually goes to prove your point, because in that case, you have a finding of actual bias. The thing was, the Batson finding was made that you could not treat the participants in the trial equally, or you could not view a defendant of one race in an impartial matter, so you have the finding of bias. But that's the thing that was absent here. It wasn't the finding of bias. There was a very different finding, which was that the individual could be fair-minded. In a Batson finding, there's no way that the individual could be fair-minded or unbiased in any trial in which any person of any race was involved. So that gets back to Judge Quoban's point, is that as a per se matter, dishonesty is not bias itself. You see how different this is from the Batson? I do. When the Batson analysis is absent, it's not a Batson analysis. It's a counterfactual, but it missed the mark. First of all, you wouldn't be back there if the judge had ruled in favor on the Batson issue. The question there is whether or not, in fact, the judge found whatever the juror said maybe dishonestly. For example, not that I hate white people or I hate Jewish people or I hate black people, but the fact that they lied about something in an incident that was involving something that related to race, and the jurist and the judge said, well, you know, yeah, that was an incident you didn't talk about, but I don't think that bothered you in terms of that. So it's not top of the case where you found that, so the question is whether or not it should have been granted in that counterfactual. So it's still a question of saying, well, the person said they're okay. They had that incident with a person of another race, but I don't think that would bother them. They said that it was just a bad day, and they're fine now, have no bias. So that, of course, you would say is just abuse of discretion, right? Totally. Even though they didn't tell the truth about an incident that was a pretty racial thing, and he remembered it, as a matter of fact, and that kind of thing, so, right? It wouldn't matter. No, I don't say it doesn't matter. I understood your question to be to test the outside limit of how relevant is the strength of the case, and so I think that if in your counterfactual, or if there's a circumstance where after trial it's determined that one of the jurors, you know, was a flaming racist and lied about it, or that they were the ex-spouse of a witness, or something that's a clear, actual bias, I think that at that point a court is going to, at the district court level, quite frankly, is going to give a little less weight to the strength of the evidence in the case. But it starts, though, with the court's discretion at the trial court level, and in order to prove an abuse of that discretion, the burden is pretty high on the appellant, and in this case, it's not black and white like that. It's not clear-cut. It's speculative at best as to whether this juror's experience ten years before may have potentially had some impact on impartiality in a case involving people he didn't know, a different court system than he'd ever been in, a different, excuse me, a different county. There's simply no overlap between them. And so our position is that the district court was quite reasonable and did not err, clearly or otherwise, in its factual findings, and just would ask that the denial of the motion for new trial be affirmed. Your time is about up. I'm going to ask Judge Greger if he has some further questions of you. If he does, we'll keep you up until those questions are answered. I have none. Nothing further. Judge Wattlebaum, do you have anything? I'm fine. I have no other questions. Thank you. Mr. Weston, I think you have three minutes for rebuttal. Yes, Your Honor. I'd first like to address the intrinsic bias issue, and I take issue with the government saying that we're asking the court to try to create some new type of law. If you read Porter v. White, which is cited in our opening brief, it clearly lays out that law. Now, the government chose not to respond to that in its reply, in its response, but it's clear that that case lays out intrinsic bias. And in that case, they did not overturn because in Porter they said, we declined to infer bias solely because he failed to disclose information in response to three of our dire questions, where the district court found that the juror did not repeatedly lie or intentionally conceal material information. In this case, the court made the factual findings that the juror intentionally lied and that he concealed material information. So we're not asking the court to make any new law. We're asking the court to apply Porter in a very narrow fashion, and that narrow fashion arises because this is a very unique case. You know, this is a case where we have a law enforcement officer who the court found, you know, he obstructed a federal investigation, a federal investigation into drug charges about this juror, and then he sat on a case where, and I take odds with their description of what this case in the defense was about. The defense of this case was that the police officer who did this was not honest about things, that he was found by another federal judge in the same district to have lied on a search warrant. In order to get a search warrant, he said a drug delivery occurred, but it did not. And he was impeached by that at trial. So the juror is listening to this, knowing his own accusations against him, and he sees that through that lens when they're making that defense. And the further defense was that the informant had stolen buy money, which violated his agreement with the government, and that stolen buy money and the officer in charge did that. I understand all that, but I think what you're saying here is exactly the kind of thing that should be brought before Judge Copenhaver, that was brought before Judge Copenhaver, and that he was going to make a finding argument. It seems to me what you're saying is that you don't like the finding that he made. You think he should have made a different finding. That's okay. It's a fair point. But the point was he had the discretion to make the finding that he made. And, you know, it seems to me he made some good arguments. I hope you made them before Judge Copenhaver. I'm sure you did. But the whole thing does seem to me to bottom out on the fact that the court was asked to exercise his discretion to make findings, and the court did that. I'm out of time. May I respond, Your Honor? Well, you did. You see, it took 17 minutes for your opening statement, and that's fine. But then you only have three minutes for rebuttal. Now, you go ahead and respond, but if you could, please, make it brief. But I'd like to give you the chance to respond. Certainly, Your Honor. The court, I'll be very quick and I'll be narrow, the court abused its discretion when it did not address the actual bias that is intrinsic when a juror lies about a material issue, and that material issue is also a factor in the trial. And harmless error cannot cure that, the facts of the case. It is a structural error. We pointed that out to the court in a long sight, and the court said, well, structural error doesn't matter because I don't find bias, which is a little circular. But it is a structural error that when a juror lies, when they are dishonest intentionally, then that is bias. The court made the factual findings, but it abused its discretion when it refused to address the actual and intrinsic bias. All right. Well, thank you. Judge Gregory, do you have any further questions of Mr. Wilson? Judge Cordova? No. All right. We thank you both, and I'm sorry that we can't come down and re-counsel. But that doesn't diminish in the slightest our appreciation for the arguments that you've made. And, Mr. Weston, I see that you're court appointed, and I'd like to express the appreciation of the court for your argument and the fine job that you've done representing your client. Thank you, Your Honors.
judges: J. Harvie Wilkinson III, Roger L. Gregory, A. Marvin Quattlebaum Jr.